UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Blanca Troupe ET AL | Civil ACTION |
| VERSUS | NO:09-3815 |
| Allstate Indemnity Company | SECTION: "J" (3) |

**ORDER**

Before the Court is Defendant's Motion in Limine (Rec. D. 12). Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's Motion is **GRANTED** in part and **DENIED** in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

This suit, filed June 10, 2009, arises out of a fire at the residence belong to Blanca Troupe. (Rec. D. 1). At the time of the fire, Blanca Troupe and her two daughters, Jennifer Troupe and Jessica Salsbury as well as Jennifer's boyfriend resided at the house. A fire with an undermined cause occurred in Bianca Troupe's bedroom and caused damage. After disputes over the value of some personal property, Allstate terminated payments for several of the claims. Plaintiffs filed this suit to recover the full amount due from its policy against Allstate Indemnity Company ("Allstate").

Defendant brings this motion to exclude various pieces of evidence from presentation to the jury. The final pretrial

conference in this matter is set for March 11, 2010 and the trial is set for April 5,2010.

**DISCUSSION:**

Allstate filed this Motion in Limine to exclude an alleged expert witness and exhibits on the subject of the damage to Plaintiff's dwelling and testimony regarding any alleged lost jewelry.

The Court finds that the testimony of Paula Pueler requires "scientific, technical, or other specialized knowledge" which qualifies it as expert. USCS Fed Rules Evid R 702. Therefore, since the Plaintiffs have failed to file a timely expert report, the testimony of Ms. Pueler is **EXCLUDED.**

With respect to other evidence regarding the cost of repairs to Ms. Troupe's house, the Court finds that Defendant was not prejudiced by the untimely disclosure of the invoice. Therefore, with respect to evidence of repairs performed in the dwelling, the Motion in Limine is **DENIED.**

Finally, the Court finds that Plaintiff is permitted to introduce evidence of the lost jewelry as a disputed issue of fact and finds that the Motion in Limine with respect to this evidence is **DENIED.**

Accordingly,

**IT IS ORDERED** that Defendant's Motion in Limine is **GRANTED**

in part and **DENIED** in part.

New Orleans, Louisiana, this the 22nd day of February 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE